WILLIAM C. KIMBALL, Appellant, v. THE PEOPLE, etc., Appellees.

APPEAL FROM THE COURT OF COMMON PLEAS OF THE CITY OF ELGIN.

It is not necessary, in order to find a defendant guilty of selling spirituous liquors in contravention of a city ordinance, that the liquor was handed to persons who asked for it, and that it was paid for, or charged to some one.

At the June term, A. D. 1857, of the Court of Common Pleas of the city of Elgin, in Kane county, Illinois, an indictment was found therein against the appellant for selling liquor without license within said city. The indictment is in the usual form, and charges a violation of the general law of the State, inflicting a penalty of $10 for selling rum, wine, gin, brandy, whisky, vinous, spirituous and mixed liquors, by a less quantity than one gallon, at and within the limits of said city of Elgin.

At the September special term, A. D. 1857, of said court, the appellant, by his attorney, moved to quash the said indictment, on the ground that the general laws of the State, authorizing the granting of license, and inflicting penalties for selling without license, were not in force within said city limits, but were (by the act entitled, " An Act to amend, alter and revise the manner, name or style and corporate powers of the town of Elgin, approved February 28th, 1854," and the act entitled, " An Act to amend an Act, entitled an Act to amend, alter and revise the name or style and corporate powers of the town of Elgin, approved February 28th, 1854, and to legalize said Act incorporating said town as a city, and all official acts of the Mayor and council by virtue hereof, approved February 15th, 1855," in connection with the ordinances and laws passed by the council of said city, and in force in said city,) repealed as to said city, and that the only law in force upon the subject of selling liquor and inflicting penalties therefor, was the ordinances of the city council of said city, and that the court had no jurisdiction of the case.

It was then agreed between the appellant and appellee, that the questions involved in the reasons assigned for quashing the indictment, should be considered as legally and properly presented and pending for the court to decide.

That a city government was duly organized under the acts of the legislature, in relation thereto ; that before and at the time the alleged sales within the city limits of liquor without license are charged to have been made, and to recover penalties under the general laws of the State, this indictment was found, an

ordinance or law of the city was made, and in force within the city limits, upon the subject of liquor.

(By agreement of counsel, a printed copy of the ordinances of the city were attached to the bill of exceptions and to the record, and made a part of the record. These ordinances prohibit entirely the sale of liquor, or having it in charge for sale in the city, refuse to license, and inflict a penalty of $25 for violating the ordinance,) and that all technical objections to manner of presenting the questions should be waived.

This application the court overruled.

The appellant pleaded not guilty to the indictment. A jury was empanneled, and a verdict was found for the people.

S. WILCOX, for Appellant.

W. BUSHNELL, State's Attorney, for the People.

WALKER, J. The plaintiff was indicted, tried and convicted for selling spirituous liquors in a less quantity than one gallon, in the Court of Common Pleas of the city of Elgin. The defendant entered a motion in arrest of judgment and for a new trial, which were overruled by the court, and the plaintiff was fined thirty dollars and costs, from which judgment he appeals to this court. It was agreed, on the trial, that the city of Elgin was incorporated by act of the legislature, which conferred on the corporate authorities of the city, power to license the sale of liquors, and to tax, restrain and prohibit tippling houses and dram shops, and to impose fines and penalties for a breach of any ordinance of the city, and to provide for the recovery and appropriation of such fines; and that the city had, in pursuance of the authority contained in its charter, by ordinance, regulated the sale of spirituous liquors in the city of Elgin. The evidence showed that plaintiff sold the liquor for which he was indicted, in the corporate limits of the city, and he introduced no evidence to show that it was sold pursuant to city ordinance. Upon this state of facts, it is urged that the court had no jurisdiction to try plaintiff under the laws of the State for this offense. This question was determined at the present term of this court, in the case of *Gardner* v. *The People, post,* and it is deemed unnecessary to again discuss it in this case. It was insisted that the court erred in refusing to give the following instruction to the jury: "That before you can find the defendant guilty, you must believe, from the evidence, that not only liquor was handed to a person who asked for it, but that the liquor was paid for or charged to some one." This instruction is not the law. It assumes that the only mode by which a

sale of liquor can be effected, is by its being handed to a person who asked for it. It undoubtedly may be sold in many other modes than by being handed to a person, nor is it necessary that it should be asked for, to make its sale complete. A sale might be consummated, the property pass, and be paid for, in other modes than being asked for. This instruction, if given, would have precluded the jury from convicting, if a sale had been effected in any other mode. The instruction was properly refused, and the judgment of the court below should be affirmed.

*Judgment affirmed.*